TROY LAUNDRY MACHINERY CO., LTD., A CORPOR-
ATION, *v.* SANITARY STEAM LAUNDRY CO.,
LTD., AND J. ALFRED MAGOON.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 29, 1907.     DECIDED SEPTEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CREDITOR'S SUIT—*bill to set aside conveyance by insolvent corporation to director.*

A bill by a judgment creditor to set aside a conveyance, alleg-
ing a secret transfer of all the property of an insolvent corpora-
tion for inadequate consideration to a creditor who was its vice-
president, director, general manager and principal stockholder,
held good on demurrer.

OPINION OF THE COURT BY WILDER, J.

This is a bill in equity by a judgment creditor to declare
fraudulent and void ánd to set aside a transfer and conveyance
of property made by an insolvent corporation to its vice-presi-
dent, general manager and director, for discovery, and to sell
the transferred property and apply the proceeds therefrom to
the payment of plaintiff's judgment and the claims of other
creditors, subject to prior liens and equities. A demurrer to
the bill having been sustained and the bill dismissed, plaintiff
appealed to this court.

The material allegations of the bill are, briefly, that defend-
ant Sanitary Steam Laundry Co., Ltd., was on September 12,
1903, indebted to plaintiff, which indebtedness was reduced to
judgment on March 20, 1906, by action instituted in April,
1905; that executions which issued on the judgment were re-
turned wholly unsatisfied; that defendant corporation was the
owner of a large amount of property, including a plant for the
washing, cleaning and ironing of clothes, lands, tenements, build-

ings, leaseholds and live. stock; that on October 10, 1903, defendant corporation by its directors, and while it was insolvent, transferred and conveyed all of its property to defendant Magoon, who was then its vice-president, general manager, principal stockholder and one of its directors, for the purported consideration of assuming a mortgage indebtedness against the company of $30,000; that the corporation then owed defendant Magoon something over $15,000 for rent and advances; that this transfer and conveyance was never recorded and was not known to plaintiff until two years after it was made and that it was a secret preference in favor of Magoon so far as plaintiff was concerned; that the property so transferred was of the value of $90,000, although assessed for taxation for $40,000 by agreement; that after the transfer there was no apparent or ostensible change of possession of the property, and the business has been since carried on under the name of Sanitary Steam Laundry. The bill was demurred to on various grounds, which in substance are (1) want of equity, (2) that Magoon paid full value for the property, (3) no jurisdiction to require answers to the interrogatories attached to the bill, and that the interrogatories are impertinent, and (4) laches.

In *Olney v. Conanicut Land Co.,* 16 R. I. 597, it was held that the directors of an insolvent corporation are trustees for the creditors of such corporation, and are, therefore, debarred in equity, by virtue of their possession, from preferring debts due to themselves from the corporation; and a mortgage given by a corporation, while insolvent, to its directors, to secure debts due from it to them, will not be allowed priority over a person having, at the time of the execution of the mortgage, a claim against the corporation for damages for its negligence, upon which suit had been commenced, and which afterwards ripened into a judgment. Likewise it was held in *Bradley v. Farwell,* 1 Holmes (U. S. C. C.) 433, that the directors of an insolvent corporation, while it is under their management, hold the position of trustees of its assets for the benefit of its

creditors, and if themselves creditors cannot secure to themselves any preference or advantage over other creditors. The case of *Sutton Co. v. Hutchinson,* 63 Fed. (U. S. C. C. A.) 496, in which the opinion was written by Mr. Justice Harlan, discusses this question at length. After citing with approval *Curren v. State,* 15 How. 304; *Drury v. Cross,* 7 Wall. 299; *Graham v. Railroad,* 102 U. S. 148; and *Railway Co. v. Ham,* 114 U. S. 587, all to the effect that the property of an insolvent corporation is held in trust for its creditors, which trust will be enforced in a court of equity, the opinion says (at p. 501): "It is, we think, the result of the cases that when a private corporation is dissolved or becomes insolvent, and determines to discontinue the prosecution of business, its property is thereafter affected by an equitable lien or trust for the benefit of creditors. The duty in such cases of preserving it for creditors rests upon the directors or officers to whom has been committed the authority to control and manage its affairs. Although such directors and officers are not technical trustees, they hold, in respect of the property under their control, a fiduciary relation to creditors; and necessarily, in the disposition of the property of an insolvent corporation, all creditors are equal in right unless preference or priority has been legally given by statute or by the act of the corporation to particular creditors." The opinion goes on in vigorous language and disposes of the argument of defendants in this case that the laundry company had the same right as any individual to prefer any particular creditor, and shows the distinction in case of insolvency between an individual and a corporation, namely, the presence of a relation of trust in the one case which is absent in the other. A great many cases are referred to by the court in that case which sustain the principles laid down. As was said in *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587, 588: "That a director of a joint stock corporation occupies one of those fiduciary relations where his dealings with the subject matter of his trust or agency, and with the beneficiary or party whose interest is confided to his care, is viewed with jealousy by the courts, and may be set

aside on slight grounds, is a doctrine founded on the soundest morality, and which has received the clearest recognition in this court and in others."

All that is necessary to decide in this case at the present time is whether plaintiff has alleged sufficient to require a defense. We think it has. Here we have an insolvent corporation conveying to a creditor who was its vice-president, principal stockholder, director and general manager, all its property valued at $90,000 for the purported consideration of assuming $30,000 of mortgage indebtedness, followed by no change of possession, the conveyance not being recorded, and this being accomplished secretly so far as plaintiff was concerned. Such a transaction certainly looks suspicious, and in any event, when attacked within a reasonable time, can be questioned and requires a defense.

The contention that Magoon paid full value for the property, even if a meritorious ground of demurrer, is disposed of by the allegations of the bill to the effect that the conveyance was for an inadequate consideration, in that property of the value of $90,000 was transferred for the assumption by the grantee of $30,000 mortgage indebtedness.

The interrogatories annexed to the bill are not impertinent and defendants may be required to answer same. See Story Eq. Pl., Secs. 37, 38.

It does not appear from the bill that plaintiff is guilty of such laches as to bar it from relief. The bill was filed in May, 1907. Plaintiff first knew of the conveyance in October, 1905, and at that time it was prosecuting its claim at law, resulting in a judgment on March 20, 1906. The return of the alias execution was not made until April 4, 1907. It does not appear that there has been any unreasonable delay or that defendants have been prejudiced in any way by the delay.

Accordingly the decree appealed from is reversed, the demurrer is overruled and defendants may have ten days within which to answer.

*C. F. Clemons,* (*Thompson & Clemons* on the brief,) for plaintiff.

*Magoon & Lightfoot* for defendants.